UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE PROTOPAPAS, <br><br> Plaintiff, <br><br> v. <br><br> EMCOR GOVERNMENT SERVICES, INC., <br><br> Defendant. | Civil Action No.:15-cv-01367 (BAH) <br><br> Chief Judge Beryl A. Howell |

**MEMORANDUM OPINION**

The plaintiff, George Protopapas, initiated this employment discrimination suit against his former employer, EMCOR Government Services, alleging discrimination based on his national origin, race, age, and disability, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), and the District of Columbia Human Rights Act ("DCHRA"). Compl. ¶¶ 4, 20, 31–33, ECF No. 1.[1] Over the course of this litigation, the plaintiff, who is currently represented by attorney Torrance Colvin, has failed to respond to six Court orders and three pending motions filed by the defendant, as well as, most recently, failed to appear for a scheduled hearing to address some of these failures. Since that hearing, the plaintiff has had no contact with the Court.[2]

---

[1] The original complaint included a second plaintiff, Sylvester Bynum, who was dismissed from the lawsuit for failure to exhaust his administrative remedies, Minute Order, dated August 28, 2016, after this plaintiff failed to respond to an order to show cause why the defendant's motion to dismiss on this ground, *see* Def. EMCOR Gov't Serv.'s Second Mot. Dismiss, ECF No. 21, should not be granted as conceded, Minute Order, dated Aug. 8, 2016.

[2] Prior to the filing of the instant lawsuit, the plaintiff sued "EMCORE Group, Inc.," in October 2014, based on allegations similar to those in the instant case, s*ee* Compl., *Protopapas v. EMCORE Group, Inc. ("Protopapas I")*, Docket No. 1:14-cv-1800-BAH (D.D.C. Oct. 28, 2014), ECF No. 1, but the earlier complaint was ultimately dismissed without prejudice when the plaintiff failed to serve the defendant for over six months and likewise failed to respond to multiple orders from the Court directing the plaintiff to file proof of service, *see Protopapas I*, Minute Order, dated July 7, 2015 ("In sum, the plaintiff has now failed to comply with Federal Rule of Civil Procedure 4,

1

Pending before the Court are the defendant's motions for summary judgment, Def.'s Mot. Summ. J. ("Def.'s MSJ"), ECF No. 30, and to compel discovery and for sanctions, Def.'s Mot. Compel and for Sanctions ("Def.'s Sanctions Mot."), ECF No. 26. As discussed in more detail below, the defendant's motion for summary judgment is granted because the plaintiff failed to exhaust administrative exhaustion for his federal claims and satisfy the relevant statute of limitations for his claim under the DCHRA. The defendant's motion to compel discovery is denied as moot and the request for sanctions is also denied.

I. BACKGROUND

A. The Underlying Allegations

This case was initially brought *pro se* and, while difficult to understand, the complaint alleges that the plaintiff, a United States citizen born in Greece, "has retained a distinct manner of speaking which may seem unusual to many persons in the DC area." Compl. ¶¶ 1, 6. In "[l]ate 2012 or Jan. 2013," the plaintiff spoke with Robert Smith, whom the plaintiff identifies as his supervisor, and Smith's wife at a happy hour and responded to Smith's wife's question "where he was from." *Id.* at ¶ 21. "[W]hen he said Greece[,] she asked more questions about Plaintiff and she was excited and she had a Greek boy-friend and that she was the head manager of the Four Seasons Hotel in Georgetown, DC." *Id.* Sometime after that conversation, Smith told another employee that the plaintiff "was trying to pick [his wife] up," and "[a]fter that event [] Smith attempted to find a reason to discharge Plaintiff from employment." *Id.* at ¶ 22. The complaint alleges that from then on, "[f]or no stated reason, [Smith] began to write up the Plaintiff[]," which involved creating "a record of some alleged some [*sic*] violation of the rules" governing employee conduct. *Id* at ¶ 9. These write-ups for rule violations culminated in the

---

the Court's Standing Order, the Court's Order to Show Cause, and the Court's Minute Order of May 20, 2015. Accordingly, the case is DISMISSED without prejudice.").

termination of the plaintiff's employment in August 2013, after the plaintiff improperly "reset the panel [o]f [a] fire alarm panel" that had been triggered, "so that everyone could go back to regular work." *Id.* at ¶ 29. After his termination, the plaintiff filed a grievance with his union, which declined to "prosecute his rights under the Collective Bargaining Agreement." *Id.* The complaint alleges that, at some unspecified time, the plaintiff "filed a charge with the Equal Employment Commission [sic] EEOC No 570-2013 01943." *Id.* at ¶ 18.

### B. The Plaintiffs' First Attorney

In August 2015, over two years after he was terminated from his employment, the plaintiff filed this suit against EMCOR Government Services and "EMCOR Group, Inc." Compl. at ¶ 1. On January 4, 2016, the Court ordered the plaintiffs to show cause, by January 20, 2016, why this action should not be dismissed for failure to prosecute, as the defendants had not yet been served, Order, dated January 4, 2016, ECF No. 5, but the plaintiff failed to respond. In early March 2016, plaintiff's counsel entered an appearance, Notice of Appearance, ECF No. 8, and filed an affidavit indicating that he had attempted to effect service on the defendants by emailing their attorney, who "did not agree to accept service," Affidavit of David Rose at 1, ECF No. 9. Soon after, the Court again ordered the plaintiffs to show cause why the action should not be dismissed for failure to prosecute, Order, dated April 5, 2016, ECF No. 11, and, the same day, the defendant moved to dismiss on the grounds of the plaintiffs' "failure to comply with the service requirements of Rule 4" and failure to "either [] serve properly a summons and Complaint" or "follow the proper procedure to obtain a waiver of service of a summons," Defs.' Mem. Supp. First Mot. Dismiss at 2, ECF No. 12-1. More than a month later, plaintiff's counsel withdrew for health reasons, and the Court directed, *inter alia*, that the plaintiff notify the Court by May 20, 2016, whether another lawyer had been obtained. Minute Order, dated May, 12, 2016.

### C. The Plaintiffs' Second Attorney

On June 1, 2016, plaintiff's new attorney, Torrance Colvin, entered an appearance and properly effected service on the current defendant. Pls.' Affidavit of Service, ECF No. 20. Consequently, in response to the Court's order to show cause, Minute Order, dated June 28, 2016, the defendant agreed that the first motion to dismiss as to the current defendant, EMCOR Government Services, was "moot," but argued that the motion was not moot as to EMCOR Group Inc. because this entity "was not the employer of the plaintiffs," and in any event, the Court lacked "personal jurisdiction over EMCOR [Group, Inc.] because it has not and does not do business in the District of Columbia." Defs.' Resp. Ct. Order dated June 28, 2016, at 1, ECF No. 22. After the time for the plaintiff to respond had lapsed, the Court issued an order directing the plaintiff to show cause why the defendants' first Motion to Dismiss should not be granted as to EMCOR Group, Inc., essentially providing the plaintiff with additional time to respond. Minute Order, dated July 12, 2016. Nevertheless, no response from the plaintiff was forthcoming. Consequently, the Court granted as conceded the first motion to dismiss as to EMCOR Group, Inc. Minute Order, dated August 8, 2016. In accordance with the Court's order that the remaining parties submit a joint meet and confer report, Minute Order, dated August 28, 2016, the parties submitted a Joint Meet and Confer Statement, ECF No. 25, with a proposed scheduling order, which was generally adopted by the Court, *see* Scheduling Order, dated September 14, 2016.

### D. The Plaintiff's Failures to Respond to Discovery Requests

The plaintiff failed to respond to the defendant's formal request for production of documents as well as multiple informal attempts to obtain discovery, prompting the defendant to move to compel responses to the defendant's request for (1) "all documents related to the U.S. Equal Employment Opportunity Commission [] charge identified in Paragraph 18 of the

complaint, including a copy of the charge"; (2) "any Dismissal and Notice of Suit Rights issued to [the plaintiff] by the EEOC regarding the charge"; and (3) "all documents related to any charge or complaint you filed with the District of Columbia Office of Human Rights (DCOHR) concerning the termination of your employment . . . ." Def.'s Mem. Supp. Mot. Summ. J. ("Def.'s MSJ Mem.") at 4–5, ECF No. 30. After the plaintiff failed to file a timely response to the motion to compel, the Court ordered the plaintiff to show cause, by January 3, 2017, why the motion should not be granted. Minute Order, dated December 23, 2016.

On January 4, 2017, the plaintiff's attorney responded, informing the Court that he had, since October 2016, been dealing with the "illness and subsequent death" of a close family member, and that "he believed that the responses had been mailed out." Pl.'s Resp. to Ct.'s Order Show Cause dated December 23, 2016 at 1–2, ECF No. 28. Plaintiff's counsel acknowledged that he had not "follow[ed] up with Defendant's counsel regarding receipt of the documents," given the late hour of his response, but apologized and stated that his "failure to respond was neither intentional nor consistent with [his] typical handling of his cases." *Id.* at 2. This was the plaintiff and his counsel's last contact with the Court.

That same day, the plaintiff's attorney "produced 106 pages of documents allegedly responsive to" the defendant's request, 87 pages of which "related solely to [the plaintiff's] state and federal tax filings." Def.'s MSJ Mem. at 5. The documents produced were "in an undifferentiated single pile, without any written response indicating which documents were being produced in response to which request and whether any of the requests were objected to." *Id.* 11–12. The plaintiff's production included only one page responsive to the request for documents related to the EEOC charge, but no documents responsive to the requests for the right to sue letter or the DCHRA charge. *Id.* at 5–6. The single responsive document is one page,

5

entitled "Charge of Discrimination," and it appears to be a completed form for filing a complaint with the EEOC. *Id*. at 5 (citing Def.'s MSJ Mem. Ex. B ("Charge of Discrimination"), ECF No. 30-2). The document, however, does not reflect any charge number, which would typically be added by the EEOC upon receipt, nor any indication of a date on which it was filed. As the defendant points out, the document bears "no indication whatsoever that it was ever filed with the EEOC." *Id.* 5–6, 9–10.

In addition to the single responsive document produced by the plaintiff, the defendant also received from the EEOC, in response to a Freedom of Information Act ("FOIA") request for the contents of "any file relating to EEOC 'Charge No. 570-2013 01943 (the alleged 'charge' number referenced in paragraph 18 of the Complaint in this lawsuit)," Def.'s MSJ Mem. at 6 (quoting Compl. ¶ 18), information that the EEOC had "no record" relating to "George Protopapas v. EMCOR because the charge was never formalized," *id*. at 6 (quoting Ex. C (Letter, dated August 26, 2015, from EEOC Washington Field Office to defendant's counsel) at 3, ECF No. 30-3).

### E. The Sanctions Hearing

Plaintiff's counsel failed to appear for a hearing scheduled, on January 13, 2017, regarding the defendant's motion to compel discovery and for sanctions, nor did he respond to attempts from the Court to contact him. Minute Entry, dated January 13, 2017. At the hearing, the Court instructed the defendant to file any motion for summary judgment that it was planning to file in light of the limited discovery produced, with a one week extension beyond the date set in the Scheduling Order. *Id.* After the defendant filed its motion for summary judgment, the plaintiff filed no opposition (or any other document) whatsoever. That motion, as well as the defendant's outstanding motion to compel and for sanctions, are pending for review.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure Rule 56 provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the burden of demonstrating the "absence of a genuine issue of material fact" in dispute, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), while the nonmoving party must present specific facts supported by materials in the record that would be admissible at trial and that could enable a reasonable jury to find in its favor, *see Anderson v. Liberty Lobby, Inc. ("Liberty Lobby")*, 477 U.S. 242, 248 (1986); *Allen v. Johnson*, 795 F.3d 34, 38 (D.C. Cir. 2015) (noting that, on summary judgment, appropriate inquiry is "whether, on the evidence so viewed, 'a reasonable jury could return a verdict for the nonmoving party'" (quoting *Liberty Lobby*, 477 U.S. at 248)).

Although a non-movant's silence does not mean a motion for summary judgment may be granted as conceded, *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 509 (D.C. Cir. 2016) (holding that, under Federal Rule of Civil Procedure 56(e), summary judgment motions may not be granted as conceded), courts are nonetheless permitted under both Federal and Local Rules to "consider [a] fact undisputed for purposes of" a motion for summary judgment, "[i]f a party . . . fails to properly address another party's assertion of fact," FED. R. CIV. P. 56(e)(2); *see also* D.D.C. Local Civil Rule 7(h)(1)("In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion."); *Grimes v. District of Columbia*, 794 F.3d 83, 96 (D.C. Cir. 2015)(noting that Advisory Committee's Notes to Rule 56(e)(2) "explain that this rule 'reflects the 'deemed

7

admitted' provisions in many local rules.'" (quoting Fed. R. Civ. P. 56(e)(2) Advisory Committee's Note (2010));  *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992) ("[A]ny factual assertion in the movant's affidavits will be accepted by the district judge as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." (internal quotation omitted)).

## III. DISCUSSION

The defendant argues that the plaintiff has failed to exhaust his administrative remedies with respect to his Title VII, ADEA and ADA claims, and that the statute of limitations bars the plaintiff's DCHRA claim. Def.'s MSJ Mem. at 7–11. Further, in light of the plaintiff's failure to respond to the defendant's discovery requests, the defendant seeks an award of sanctions in the form of attorney's fees and costs incurred in bringing the motion to compel. *Id.* at 11–12; Def.'s Mem. Supp. Mot. Compel & Sanctions ("Def.'s Sanctions Mem.") at 1–3, ECF No. 26. These arguments are evaluated in light of the plaintiff's complete failure to provide any opposition to, or controvert any of the factual matters underlying, the defendant's motions.

Accepting the defendant's factual assertion that "Protopapas is unable to prove that he filed a charge of discrimination with the EEOC" and that he "fail[ed] to obtain a notice of right to sue from the EEOC," Def.'s MSJ Mem. at 9–10, the Court first addresses the plaintiff's related federal claims under Title VII, the ADEA, and the ADA, before turning to the plaintiff's claim under the DCHRA and the defendant's motion to compel and for sanctions.

### A. Plaintiff Has Failed to Exhaust His Administrative Remedies as Required by Title VII, the ADEA, and the ADA.

Plaintiff claims that he was discriminated against based on his age, national origin, and disability status, in violation of Title VII, the ADEA, and the ADA, each of which claims may be properly dismissed if the plaintiff failed to present the claim first to the EEOC in order to exhaust

8

his administrative remedies. *Payne v. Salazar,* 619 F.3d 56, 65 (D.C. Cir. 2010) ("Title VII '[c]omplainants must timely exhaust the[ir] administrative remedies before bringing their claims to court.'" (quoting *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997)); *Washington v. Wash. Metro. Area Transit Auth.*, 160 F.3d 750, 752 (D.C. Cir. 1998) ("Before suing under . . . the ADEA . . . , an aggrieved party must exhaust his administrative remedies by filing a charge of discrimination with the EEOC." (citing 29 U.S.C. § 626(d)(1) (1994); 42 U.S.C. § 2000e-5(e)(1) (1994))); *Marshall v. Fed. Express Corp.*, 130 F.3d 1095, 1098 (D.C. Cir. 1997) ("Before bringing suit in federal court, ADA plaintiffs . . . must exhaust their administrative remedies by filing an EEOC charge and giving that agency a chance to act on it." (citing 42 U.S.C. § 12117(a); *Park v. Howard University*, 71 F.3d 904, 907–09 (D.C. Cir. 1995))). At the outset, the plaintiff has not controverted the defendant's factual assertion that he "is unable to prove that he filed a charge of discrimination with the EEOC." Def's MSJ Mem. at 9. Thus, the plaintiff's federal law claims fail for want of administrative exhaustion.

Moreover, even if the defendant's assertion that the plaintiff failed to file a charge with the EEOC were not deemed admitted, the evidence provided by the defendant makes clear that the plaintiff has not done so. The plaintiff has produced only a single document, titled "Charge of Discrimination" signed by the plaintiff and reflecting an EEOC charge, but that document does not appear to have been submitted to the EEOC. Def.'s MSJ Mem. Ex. B. As the defendant notes, the document "contains no charge number as would have been assigned by the EEOC if it was filed with that agency" and "no date stamp indicating when it would have been filed . . . as is the EEOC's practice," Def.'s MSJ Mem. at 9, such that there is no way to know if this document was ever submitted to the EEOC, filled out and left in a drawer, or even completed out only after the filing of this suit. Such a document falls short of showing that the

9

plaintiff filed a charge with the EEOC to meet the administrative exhaustion requirement. Additionally, the EEOC reported that it has "no record" of any charge of discrimination filed by the plaintiff, Def.'s MSJ Mem. Ex. C, lending more support for the conclusion that the plaintiff failed to exhaust his administrative remedies.[3]

Accordingly, the defendant is entitled to summary judgment on the plaintiff's federal discrimination law claims for failure of the plaintiff to exhaust those claims administratively.

### B. Plaintiff Failed to File a Timely Claim under the DC HRA

Unlike the plaintiff's federal law claims, claims under the DCHRA may be brought directly in court without exhaustion of administrative remedies. *See Slate v. Pub. Def. Serv.*, 31 F. Supp. 3d 277, 304–05 (D.D.C. 2014). Under D.C. law, a plaintiff alleging a violation of the DCHRA must bring such a suit "within one year of the unlawful discriminatory act, or the discovery thereof . . . ." D.C. Code § 2-1403.16. A plaintiff may alternatively file a charge with the DCOHR or EEOC, which "toll[s] the running of the statute of limitations while the complaint is pending." *Craig v. D.C.*, 74 F. Supp. 3d 349, 366–67 (D.D.C. 2014) (quoting D.C. Code § 2-1403.16).

The plaintiff was terminated from his position on August 16, 2013. Def.'s MSJ Mem. at 11. This suit was filed on August 24, 2015, over two years after the plaintiff was terminated from his position. *See generally* Compl.; *see also* Def.'s MSJ Mem. at 11. Thus the plaintiff's claim is barred by the relevant statute of limitations, unless the running of the statute of limitations was tolled by filing with the EEOC or the DCOHR. D.C. Code § 2-1403.16. As

---

[3] Even were the "Charge of Discrimination" document properly filed with the EEOC, as the defendant correctly notes, the document would not satisfy the administrative exhaustion requirement for the plaintiff's claims asserted in this lawsuit. Specifically, the document "does not assert any claims of disability discrimination . . . or age discrimination . . . either through checking boxes or in the body of the charge," Def.'s MSJ Mem. at 9, but instead reflects a single checked box for "national origin." Moreover, the brief narrative set out in the document makes the bald claim of discrimination without providing any description of the nature of the discrimination sufficient to provide notice to the EEOC or the defendant.

discussed *supra* in Part III.A, however, the plaintiff has failed to controvert the defendant's asserted fact that he did not file any such charge, and consequently, his claim under the DCHRA is barred by the one-year statute of limitations. *See Brown*, 773 F. Supp. 2d at 137 (dismissing plaintiff's DCHRA claims where plaintiff's claims were "neither brought within the one-year statute of limitations nor filed" with the EEOC or DCOHR).

### C. Defendant's Request for Sanctions is Denied

The defendant has moved to compel discovery from the plaintiff and for attorney's fees, which motion was filed after two months of trying to obtain responsive discovery from the plaintiff. *See* Def.'s Sanctions Mem. at 1–3. In its initial motion, the defendant asserted that the plaintiff failed to produce any discovery whatsoever, Def.'s Sanctions Mem. at 1–3, and after the plaintiff's production of documents in January 2017, the defendant now asserts that the plaintiff's discovery responses are incomplete. Def.'s MSJ Mem. at 12 n.4. As a result, the defendant seeks $3,019.50 in fees incurred in drafting and bringing the motion to compel, a request it supports with a chart showing 6.1 hours spent by defense counsel preparing that briefing. Def.'s MSJ Mem. Ex. D, ECF No. 30-4. This motion to compel and for sanctions is denied.

First, the defendant's motion to compel discovery is moot. Though tardy, the plaintiff did eventually produce discovery, and that discovery was sufficient to demonstrate that the defendant is entitled summary judgment. At this point, given the posture of this case, postponing resolution of the pending summary judgment motion in order to require the plaintiff to produce additional discovery—even if such discovery were available—would only prolong this litigation. The motion to compel is consequently denied as moot.

Second, the Court finds that an award of attorney's fees would be unjust. Because the plaintiff provided its responses "after the motion [to compel] was filed," FED. R. CIV. P.

11

37(a)(5)(A), the Court "must" order the plaintiff "to pay the moving party's 'reasonable expenses incurred in making the motion, including attorney's fees,'" unless (1) "the opposing party was 'substantially justified' in its resistance to discovery," (2) "the prevailing party did not attempt to obtain discovery in good faith before moving to compel," or (3) "an expense award would be otherwise unjust," *Parsi v. Daioleslam*, 778 F.3d 116, 126 (D.C. Cir. 2015) (quoting FED. R. CIV. P. 37(a)(5)(A)). Though plaintiff's counsel did delay significantly before producing any documents to the defendant, that delay was attributable to plaintiff's counsel dealing with "the illness and subsequent death" of a close family member. Pl.'s Resp. Show Cause Order ¶ 2. While the Court does not minimize the inconvenience caused to both the Court and the defendant by counsel's dilatory conduct, imposing attorney's fees in these circumstances is not warranted.

## IV. CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment is granted and the motion to compel and for sanctions is denied. A separate Order will accompany this Memorandum Opinion

Date: May 1, 2017

_____
BERYL A. HOWELL
Chief Judge